IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

TRUIST BANK,

                Plaintiff,

v.                                               CIVIL ACTION NO.   2:22-cv-00361

GARY ALLMON, II,

                Defendant.

**MEMORANDUM OPINION AND JUDGMENT ORDER**

The Court has reviewed *Plaintiff Truist Bank's Motion for Default Judgment Against Defendant* (Document 16), the *Memorandum of Law in Support of Plaintiff Truist Bank's Motion for Entry of Default Judgment Against Defendant* (Document 17), and the proposed *Order Granting Motion for Entry of Judgment by Default* (Document 18).   For the reasons stated herein, the Court finds that the motion for default judgment should be granted.

The Plaintiff initiated this action with a *Verified Complaint* (Document 1) filed on August 29, 2022.   On November 18, 2022, the Plaintiff filed *Plaintiff's Motion to Extend Time to Effect Service of Process and Motion for Authorization by Service of Publication* (Document 7), explaining that repeated attempts at service, both in person and by certified mail, had been unsuccessful.   The Court granted the motion and entered an *Order of Publication Against Gary Allmon II* (Document 11) on December 5, 2022, directing publication of the order and requiring the Defendant to answer on or before January 31, 2023.   The Plaintiff filed an *Affidavit of Legal Publication and Posting* (Document 12), wherein the Charleston Gazette-Mail verified that the

notice had been published on December 9, 2022 and December 16, 2022. On February 1, 2023, the Clerk entered default at the direction of the Court. (Documents 13 and 14.) The Plaintiff moved for default judgment on February 21, 2023.

Default judgment is governed by Rule 55 of the Federal Rules of Civil Procedure. Rule 55(a) provides for entry of default by the clerk when a party fails to plead or otherwise defend the action. Fed. R. Civ. P. 55(a). Following entry of default, the Plaintiff may seek default judgment by the clerk if the claim is for a sum certain, or by the Court in all other cases. Fed. R. Civ. P. 55(b)(1). "When the party against whom a default judgment is sought fails to make an appearance or fails to respond to the motion for default judgment, the court must determine if default judgment is appropriate based upon the allegations of the pleading," accepting factual allegations as true. *Matrix Fin. Servs. Corp. v. Hall*, No. 3:16-CV-09438, 2017 WL 3142337, at *2 (S.D.W. Va. July 25, 2017) (Eifert, M.J.) (citing *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780-81 (4th Cir. 2001).

Upon review of the Plaintiff's complaint, motion, and supporting documentation, the Court finds that a hearing is unnecessary. The Defendant and Smith Consultants, Inc., as co-borrowers, obtained three loans from Truist Bank and has defaulted on all three loans. The loan terms permit Truist to collect attorneys' fees and costs. Truist seeks $6,726.00 in attorney's fees and $1,061.82 in costs. The fee request represents hourly rates between $211 and $335 for a total of 30.8 hours, including pre-suit collection efforts.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This starting calculation is referred to as the

lodestar amount. *Grissom v. The Mills Corp.*, 549 F.3d 313 (4th Cir. 2008). The Fourth Circuit Court of Appeals further adopted the *Johnson* factors for consideration of the reasonableness of attorneys' fees, as follows:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Grissom*, 549 F.3d at 321.

Here, the Plaintiff has won default judgment, a successful result. The attorneys involved are skilled and experienced and have requested very reasonable rates well within the range of rates previously approved in this District. The time and labor expended is likewise reasonable, considering the work necessary as a result of the Defendant's failure to accept service and respond. Thus, no reduction in the fee request is appropriate.

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that *Plaintiff Truist Bank's Motion for Default Judgment Against Defendant* (Document 16) be **GRANTED**. The Court further **ORDERS** that judgment be entered in favor of Truist Bank and against the Defendant Gary Allmon II as follows:

1. Note 1:
    a. Principal in the amount of $126,419.89,
    b. Accrued and unpaid interest through June 21, 2022, in the amount of $2,809.34,
    c. Late fees and charges in the amount of $900.55,

    d. Pre-judgment interest from August 29, 2022, through the date of judgment at the Default Rate of Interest,

    e. Post-judgment interest thereon as allowed by law; and

2. Note 2:

    a. Principal in the amount of $50,000,

    b. Accrued and unpaid interest through June 21, 2022, in the amount of $761.79,

    c. Late fees and charges in the amount of $178.10,

    d. Pre-judgment interest from August 29, 2022, through the date of judgment at the Default Rate of Interest,

    e. Post-judgment interest thereon as allowed by law; and

3. Note 3:

    a. Principal in the amount of $148,116.03,

    b. Accrued and unpaid interest through June 21, 2022, in the amount of $2,571.46,

    c. Late fees and charges in the amount of $24.48,

    d. Pre-judgment interest from August 29, 2022, through the date of judgment at the Default Rate of Interest,

    e. Post-judgment interest thereon as allowed by law; and

4. Reasonable attorney's fees and costs of $7,787.82, incurred in collection of the indebtedness.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to counsel of record and to any unrepresented party.

ENTER: March 27, 2023

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA